# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 4:17-cr-40043-JPG-1 |
| VICKIE SANDERS, | |
| Defendant. | |

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

As her sentencing date nears, Vickie Sanders objects to the Government's attempt to establish a prior conviction of hers via an information filed pursuant to 21 U.S.C. § 851. (Doc. 54.) For the following reasons, the Court **OVERRULES** the objection.

## I. BACKGROUND

In 2017, the Government charged Vickie Sanders with a number of drug offenses. (Doc. 1.) Later, the Government filed an information pursuant to 21 U.S.C. § 851 in order to establish a few prior convictions of hers. (Doc. 34.) If valid, the information would establish a ten-year mandatory minimum sentence for the 2017 federal charges pursuant to 21 U.S.C. § 841(b)(1)(B) & (C). Specifically, the information highlights that in the 1990s, Sanders was convicted of two felonies in California state court: burglary and possession of a controlled substance. Sanders's state court charges became final in the late 1990s when the state court entered judgment and her time to appeal expired. (*Id.*)

Sanders has since pled guilty to the federal charges. (Doc. 38.) But now, before her sentencing, she objects to the validity of the Government's § 851 information. (Doc. 54.) After Sanders pled guilty back in October 2017, she successfully moved a California state court to

1

reclassify her old 1990s felony drug conviction to a misdemeanor pursuant to California Proposition 47. That statute provides:

> A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

Cal. Penal Code § 1170.18(f). Accordingly, Sanders argues that since California now considers her state drug conviction to be a misdemeanor, it cannot be used as a felony for § 851 purposes.

## II.     ANALYSIS

Sanders is wrong. The Ninth Circuit has already addressed this issue and concluded that "Proposition 47 does not change the historical fact that [a defendant] violated § 841 'after two or more prior convictions for a felony drug offense [had] become final.'" *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016), *cert. denied sub nom. Vasquez v. United States*, 137 S. Ct. 840, 197 L. Ed. 2d 77 (2017) (citing 21 U.S.C. § 841(b)(1)(A)). The idea is simple: as soon as a defendant has two felony drug convictions on their record that become final, that defendant has violated § 841. It does not matter whether a state court later reclassifies one of the offenses to a misdemeanor—the defendant has already violated § 841 at a previous time. As *Diaz* explained, federal law—not state law—governs the interpretation of federal statutes, and state courts cannot change the fact that a defendant has previously violated a federal statute. *Id.* at 972; *see also United States v. Eleby*, 670 F. App'x 600 (9th Cir. 2016).

This holding is not limited to Proposition 47: *Diaz* plucked its ruling straight from Ninth Circuit cases dealing with other types of state post-conviction proceedings—such as dismissals and expungements—that the circuit already held did not affect § 841 for the same reasons as this

case. *Id.* at 973. The only exception to that rule is when the state proceeding "alters the legality of the original state conviction—such as where there was a trial error or it appears the defendant was actually innocent of the underlying crime." *Id.* That exception is not at issue here.

There is only one case in this circuit that deals with Proposition 47: *Cummings v. U.S.*, No. 116CV02891SEBMJD, 2017 WL 5903926 (S.D. Ind. Nov. 30, 2017). The petitioner in *Cummings* argued that his sentence was invalid in the § 2255 context because Proposition 47 reduced his prior felony to a misdemeanor. *Id.* at *1. The district court rejected the petitioner's argument, relying on the holding in *Diaz*: the petitioner violated § 841 when his state felony conviction became final, and later post-conviction proceedings at the state level did not change the fact that he had already violated § 841 in the past. *Id.* at *3.

Sanders argues that *Diaz*, *Eleby*, and *Cummings* do not apply because they are all post-sentencing cases, whereas the Court here has not sentenced her yet. Her argument fails. The procedural postures in *Diaz*, *Eleby*, and *Cummings* are completely irrelevant to their holdings: those cases simply stand for the proposition that state post-conviction proceedings do not change the fact when a defendant's past felony conviction became final—like Sanders's did in the late 1990s—the defendant violated § 841. Accordingly, the Court **OVERRULES** Sanders's objection. (Doc. 54.)

**IT IS SO ORDERED.**

**DATED: APRIL 27, 2018**

<u>s/ *J. Phil Gilbert*</u>
J. PHIL GILBERT
DISTRICT JUDGE